UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAREEF ABDOU,

                              Plaintiff,                    19 Civ. 1824 (PAE)

                     -v-

                                                                       ORDER

BRIAN MAHANY, *et al.*,

                              Defendants.

---

PAUL A. ENGELMAYER, District Judge:

      Before the Court is plaintiff's motion, pursuant to Federal Rule of Civil Procedure 25(a), to substitute Lori Ann Walker, Independent Executrix of the Estate of Brian Howard Mahany ("Walker"), as a defendant for the current defendant Brian Mahany ("Mahany"). Dkt. 140 ("the Motion"). On April 11, 2022, the Court issued an order stating its intent to grant the Motion if it did not receive any objections thereto by April 15, 2022. Dkt. 148. No party has objected. Accordingly, and for the reasons briefly set forth below, the Court grants the Motion.

      Rule 25(a) permits the substitution of a party where (1) "a party dies and the claim is not extinguished," (2) the party is "proper," and (3) "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1).

      Mahany has died, *see* Dkt. 136, and the claims against him are not extinguished. Where a case, as here, is brought under diversity jurisdiction, courts "look to state substantive law to determine whether the cause of action survives." *In re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010); *see also Falls v. Novartis Pharms. Corp.*, No 13 Civ. 270 (JBA), 2014 WL 3810246, at *2 n.3 (D. Conn. Aug 1, 2014) (same). Where the case is transferred for convenience, "the law of the transferor state is to be applied so long as the transferor state could

have exercised jurisdiction." *Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010).  This case was transferred for convenience to this Court from the United States District Court for the Eastern District of Wisconsin, *see* Dkt. 29, after it had been removed to that court from the state circuit court for Milwaukee County, Wisconsin, on diversity jurisdiction, Dkt. 1.  With complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000, Dkt. 69 ("SAC") ¶ 24, the Eastern District of Wisconsin could have properly exercised jurisdiction.  The Court therefore applies the law of the transferor state Wisconsin.  Under Wisconsin law, all claims asserted against Mahany—breach of fiduciary duty, breach of contract, unjust enrichment, professional negligence, *see* SAC ¶¶ 78–121—as well as the claim for reasonable attorneys' fees survive.  *See* Wis. Stat. § 895.01(1) (Wisconsin survival statute, stating that "[c]auses of action for all damage done to property rights or interests of another" survive); *Luster v. Martin*, 58 F.2d 537, 539 (7th Cir. 1932) (breach of contract and unjust enrichment claims survive death of defendant); *Sawyer v. Midelfort*, 595 N.W.2d 423, 436 (Wis. 1999) (professional negligence claims); *Herro, McAndrews & Porter, S.C. v. Gerhardt*, 214 N.W.2d 401, 403 (Wis. 1974) (courts' inherent power authorizes survival of attorneys' fees claim flowing from breach of contract claim).  Mahany's claims are accordingly not extinguished.

Walker is a proper party to substitute for Mahany.  An executrix is a proper party where "the estate of [the decedent] has not been distributed and will not be distributed within 90 days." *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986).  Walker was named by Mahany as the independent executrix of his estate in his will, *see* Dkt. 140-1 at 10, and was so appointed on February 2, 2022, *id.* at 6–8.  Mahany's estate has not been distributed.  Motion at 5.

Lastly, the instant Motion was timely filed within 90 days after service of a statement noting the death.  On January 6, 2022, Mahany's counsel filed a letter on the docket notifying the

2

Court of Mahany's death.  Dkt. 136.  However, "[i]t is well settled that for a suggestion of death to be valid and invoke the 90 day limit, it must identify the successor or representative who may be substituted for the decedent."  *Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993) (collecting cases).  Mahany's counsel's letter did not identify the requisite successor or representative—nor has any subsequent filing on the docket.  As such, Rule 25(a)(1)'s 90-day clock has not begun to run, and the instant Motion is timely.

Rule 25(a)'s requirements for substituting a party have been met.  The Court accordingly grants the motion to substitute Walker as a party for Mahany.  The Clerk of Court is respectfully directed to terminate the motion pending at docket 140 and to amend the caption of this case by terminating Mahany as a party, and substituting in his place Lori Ann Walker, Independent Executrix of the Estate of Brian Howard Mahany.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: May 6, 2022
         New York, New York