**SCHULMANBHATTACHARYA**  6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852  240.356.8550

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553  email jgavenman@schulmanbh.com

September 23, 2022

**Via CM/ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

    Re:    *Shareef Abdou v. Lori Ann Walker*, et al., No. 1:19-cv-1824-PAE
            Letter Motion to File Documents Under Seal and Redact Filing

Dear Judge Engelmayer:

    This firm represents Plaintiff Shareef Abdou ("Plaintiff") in the above-referenced case. I am writing pursuant to Your Honor's Individual Rules and Practices in Civil Cases and the Court's standing order, 19-MC-00583, to respectfully request that this Court accept for filing under seal the below-described documents that accompany Plaintiff's Opposition (the "Opposition") to Defendant Joseph Bird's ("Defendant") Motion to Strike Jury Demand and Bar Expert Testimony (ECF Nos. 179 & 179-1) (the "Motion"). Plaintiff also requests that the below-described portions of the Opposition be redacted.

    Plaintiff seeks leave to file under seal the expert reports of Plaintiff's experts, Steven A. Tasher, Esquire, and Richard J. Cavo, Esquire (the "Experts"), concerning the reasonableness of the Defendants' billing practices and fees in the Underlying Action, which are attached as Exhibit 1 to the Opposition. This request is in accordance with the Stipulated Protective Order in this case (ECF No. 103). Defendant has also requested the same relief in his Motion (ECF No. 179). In addition, Plaintiff requests leave to redact the portions of his Opposition discussing the expert reports. The sealing and redactions requested fall into one or more of the following categories that further justify sealing.

    As an initial matter: "The right to inspect… judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might [] become a vehicle for improper purposes," such as using records to gratify spite or promote scandals or files that might "serve as reservoirs of libelous statements for press consumption." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 602 (1978).

    A proponent of sealing may overcome the presumption of access by demonstrating a substantial probability of harm to a compelling interest. *See Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 164-65 (2d Cir. 2013) ("[T]he First Amendment right creates only a presumptive right of access … '[w]hat offends the First Amendment is the attempt to [exclude the public] without

**SCHULMANBHATTACHARYA**

Hon. Paul E. Engelmayer
September 23, 2022
Page | 2

sufficient justification," not the simple act of exclusion itself.") (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 296 (2d Cir. 2011) (emphasis in original)). "'[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Courts consider many factors in assessing whether a document may be sealed. For example, courts consider "the extent of the closure or sealing sought; the potential damage to [the Parties] from disclosure; the significance of the public interest at stake; the extent to which [the Parties] intend to prove [their] case by relying on documents [they] seek to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to adjudication." *Standard Inv. Chtd., Inc. v. NASD*, No. 07-CV-2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008). Moreover, "[t]he interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Id.*

The expert reports that Plaintiff (and Defendant) wish to seal contain both confidential data (the identities of clients who have received legal services) and financial analyses (relevant billing practices) which are not publicly available. Such information is indisputably business-sensitive and confidential, and, as such, the expert reports should be sealed, and Plaintiff should be permitted to redact any discussion of these reports in the Opposition. There is little public interest at stake in requiring these documents to be filed publicly.

In light of the foregoing, Plaintiff respectfully requests that these documents be accepted for filing under seal and that he be permitted to redact the previously identified portions of his Opposition.

We thank the Court for its attention to this matter.

Sincerely,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

Cc:   All counsel of record (via CM/ECF)

Granted.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
September 27, 2022