**SCHULMANBHATTACHARYA**

6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852 | 240.356.8550

**JEFFREY GAVENMAN**

direct dial 240.356.8553   email jgavenman@schulmanbh.com

January 24, 2023

**VIA ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

      Re:    *Shareef Abdou v. Lori Ann Walker, et al.*
              Civil Action No. 1:19-cv-1824-JHR
              Position on Sealing Motion

Dear Judge Rearden:

      We write, as invited by the Court at Dkt. No. 220, to state our position on Defendant Joe Bird's Motion to File Summary Judgment Motion & Brief Under Seal, which Mr. Bird filed on January 23, 2023 (Dkt. No. 217) (hereinafter "Motion").  In short, Plaintiff agrees that the Court should grant the relief requested in the Motion (that Mr. Bird's Summary Judgment Motion and Brief should be sealed) and opposes the letter filed by Mr. Bird via the Temporary Pro Se Filing email in which Mr. Bird, mere hours after filing his Motion, argued *against* the relief sought *in his own Motion*.

      While Mr. Bird's requests are diametrically opposed, Plaintiff's request – first, to Mr. Bird and, now, to this Court – has remained simple and clear: litigants in this case should follow the provisions of the Protective Order entered by this Court on November 14, 2019 (Dkt. No. 103). Specifically, the Order mandates:

> To the extent that any materials subject to this Stipulated Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court, in accordance with Section 6 of the United States District Court for the Southern District of New York's Electronic Case Filing Rules & Instructions.  ***Even if the filing party believes that the materials subject to this Stipulated Protective Order are not properly classified as confidential, the filing party shall file a motion to file documents under seal***, as required by Section 6 of the United States District Court for the Southern District of New York's Electronic Case Filing Rules & Instructions; provided, however, that the filing of the motion to file documents under seal shall be wholly without prejudice to the filing party's

Letter to Judge Rearden<br>
January 24, 2023<br>
Page 2

> rights under paragraph 6 of this Stipulated Protective Order (providing for the right to challenge a particular confidentiality designation).
>
> Nothing herein shall prohibit the filing party and the designating party from agreeing to allow Confidential Information or material designated Attorneys' Eyes Only, in appropriately redacted form, from being used in any court filing with the necessity of the filing being made under seal.

Stipulated Protective Order (ECF No. 103) at § 13 (emphasis added).

While it should not have been necessary, given the plain language of the Stipulated Protective Order, counsel for the undersigned put Mr. Bird on notice of his obligations nearly a month before Defendants' summary judgment motions were due. *See* Dec. 21, 2022 Abdou Email, attached hereto as **Exhibit A** (noting, in relevant part, that "to the extent" Mr. Bird's summary judgment motion "refers to or discusses any confidential material (including expert reports, deposition testimony, or documents produced in discovery), you must also file such portions of your brief under seal"). Moreover, counsel for Plaintiff, in a separate email that same day (which also reminded Mr. Bird to file deposition transcripts marked Confidential "under seal in accordance with the Protective Order") offered to work with Mr. Bird – suggesting that "if there are certain lines [of depositions] that you wish to use, feel free to send them to us for review and we can determine whether some or all of those particular lines can be de-designated." *See* Dec. 21, 2022 Letter Motion – re: Motion for Rule 11 Sanctions Email, attached hereto as **Exhibit B**.

Despite the reminders about the provisions of the Protective Order from counsel for Plaintiff – and counsel for Plaintiff's offer to work collaboratively to de-designate certain portions of testimony – Mr. Bird did neither. He simply filed his Motion, which extensively discusses the content of material that was marked Confidential pursuant to the Protective Order, on the publicly-available docket in this case. Specifically, Mr. Bird quotes, paraphrases, and discusses in some length documents and deposition testimony that have been marked Confidential.[1] The inclusion of this content on the public docket violated the Protective Order.

Notably, Defendants Lori Ann Walker, as Independent Executrix of the Estate of Brian H. Mahany, Mahany Law, and Mahany & Ertl, LLC filed Confidential portions of their motion for summary judgment and related exhibits under seal, as required by the Protective Order. Mr. Bird's motion likewise should be filed under seal. And, because of Mr. Bird's violation of the Protective Order, Plaintiff should be awarded his costs, fees, and expenses, including attorneys' fees, in having to deal with this issue.

---

[1] The Motion discusses Mr. Bird's deposition testimony (pp. 15, 16), Plaintiff's deposition testimony (p. 16), Plaintiff's expert witness reports (pp. 7, 8, 11, 13, 16, 18, 22), and emails (pp. 4, 5, 6, 9), all of which were marked Confidential. Notably, despite Mr. Bird's representations to the contrary, this content far exceeds the limited (mis-)characterizations of Plaintiff's expert reports that Mr. Bird included in ECF No. 179.

Sincerely yours,

/s/ Jeffrey Gavenman
Jeffrey Gavenman

Defendant Bird's unopposed motion to file under seal, ECF No. 217, is GRANTED.

Defendants shall file their responses, if any, to Plaintiff's request for costs, fees, and expenses by January 26, 2023 at 5pm.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Date: Jan. 25, 2023