UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAREEF ABDOU,

                Plaintiff,

-v.-

LORI ANN WALKER, et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/3/2023

19 Civ. 1824 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

    WHEREAS, the Protective Order, entered on November 14, 2019, ECF No. 103, requires parties to file under seal a motion containing material designated confidential, "[e]ven if the filing party believes that the materials . . . are not properly classified" as confidential. Protective Order ¶ 13.

    WHEREAS, Plaintiff reminded Defendant Joseph C. Bird, an attorney who is proceeding *pro se*, of his obligation to file under seal his motion for summary judgment "to the extent [it] refers to or discusses any confidential materials." ECF No. 222-1.

    WHEREAS, on Friday, January 20, 2023, Christopher Skoczen, attorney for Defendants Lori Ann Walker, Mahany & Ertl, LLC, and Mahany Law purposefully filed a motion for summary judgment on the public docket on behalf of Bird. ECF No. 213.

    WHEREAS, on Monday, January 23, 2023, following Plaintiff's objection to the public filing, Bird moved to seal his motion. ECF No. 217.

    WHEREAS, upon the Court's invitation to all other parties to state their position regarding Bird's motion to seal, ECF No. 220, Plaintiff argued that Bird had violated the Court's Protective Order in filing his motion for summary judgment on the public docket.

WHEREAS, Plaintiff requested "costs, fees, and expenses, including attorneys' fees, in having to deal with this issue." ECF No. 222.

WHEREAS, Bird's motion for summary judgment contained more detailed descriptions of confidential material than his previously filed motions to strike the jury demand and to bar expert witnesses, ECF No. 179, and for sanctions, ECF No. 203.

WHEREAS, Fed. R. Civ. P. 37(b) requires the Court, upon violation of a discovery order, to "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also Flaherty v. Filardi*, No. 03 Civ. 2167 (LTS) (HBP), 2009 WL 3762305, at *6 (S.D.N.Y. Nov. 10, 2009).

WHEREAS, any fees ordered to be paid must be "incurred as a result of [a party's] . . . disobedience of Court orders." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1386 (9th Cir. 1988) (cleaned up); *see also* Tr. of October 11, 2022 Conf. at 15, ECF No. 227 (Engelmayer, J.) (denying Plaintiff's request for fees after not wanting to speculate that Plaintiff had spent additional time as a result of Bird's previous violation of a discovery order).

WHEREAS, it is not clear whether Plaintiff has suffered any expense "as a result of" Bird's public filing of the motion for summary judgment, because Plaintiff's request for fees was included in a letter in support of Bird's motion to seal, which would have been filed in any event.

IT IS HEREBY ORDERED that by March 10, 2023, Plaintiff shall file and serve an affidavit and any supporting materials identifying any reasonable expenses incurred in connection with the public filing of Bird's summary judgment motion.

IT IS FURTHER ORDERED that Mr. Bird may file and serve any objection to the expense claim by March 17, 2023.

IT IS FURTHER ORDERED that any reply must be filed and served by March 22, 2023.

SO ORDERED.

Dated: March 3, 2023
       New York, New York

                                                  JENNIFER H. REARDEN
                                                   United States District Judge