UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAREEF ABDOU

                    Plaintiff,

        v.

LORI ANN WALKER, et al.

                    Defendants.

1:19-CV-1824-LTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Shareef Abdou ("Abdou" or "Plaintiff") brings this action against Defendants Brian Mahany,[1] Joseph Bird ("Bird"), and Anthony Dietz ("Dietz") (together, the "Attorneys"), along with the law firm with which they were affiliated, Mahany & Ertl, LLC (together, "Defendants"). On June 11, 2024, Magistrate Judge Lehrburger issued a Report and Recommendation (docket entry no. 268 (the "Report")) setting forth recommended resolutions of various pending matters in this case.

The Court has thoroughly reviewed the Report, the parties' objections to it (see docket entry nos. 272 ("Bird Objs."); 275 ("Walker Objs."); 276 ("Abdou Objs.")), and the parties' reply briefs responding to one another's objections (see docket entry nos. 277, 278, 279, 280, 281). For the reasons stated below, the Report is adopted in full, and the parties' objections are overruled. Accordingly, (1) Abdou's motion to strike Bird's amended statement of material facts (docket entry no. 243) is denied; (2) Bird's motion to bar expert testimony (docket entry no. 179) is granted in part and denied in part, and its motion to strike Abdou's jury demand (id.)

---

[1] On January 1, 2022, Brian Mahany passed away (see docket entry no. 136), so Lori Ann Walker ("Walker"), who is the independent executrix of Mahany's estate, replaced Mr. Mahany as a defendant on May 6, 2022 (docket entry no. 152).

is granted; (3) Defendants' motions for summary judgment (docket entry nos. 214, 254, 262-63) are denied; (4) Bird's motion for sanctions against Abdou (docket entry no. 203) is denied; and (5) Abdou's request for expenses and sanctions (docket entry nos. 222, 246) is granted in part and denied in part.

## I.    BACKGROUND

The Court adopts the factual recitation set forth in the Report, which was not objected to by any of the parties, and the Court assumes readers' familiarity with the facts summarized therein.

## II.    DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (Westlaw through P.L. 119-73).  "Objections to a Report must be specifically and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  To the extent that a party makes a specific objection to the magistrate's findings, the Court must make a de novo determination.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). Conversely, where a party makes conclusory objections, fails to object to a portion of a report and recommendation, or simply reiterates a previous argument before the magistrate judge, the Court reviews the Report strictly for clear error.  Pearson-Fraser v. Bell Atl., No. 01-CV-2343-

WK, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Syville v. City of New York, No. 20-CV-00571-LTS-SDA, 2022 WL 36477, at *1 (S.D.N.Y. Jan. 4, 2022).

Here, the parties raised no objection to the portions of the Report addressing five major issues.  After carefully reviewing the Report, Court finds no clear error in Judge Lehrburger's treatment of those issues and thus adopts those portions of the Report in full.  Consequently, Bird's motion to strike Abdou's jury demand is granted; Bird's motion for sanctions is denied; Deitz's motion for summary judgment is denied; Abdou's motion to strike Bird's Statement of Material Facts is denied as moot, and Abdou's motion for expenses and future sanctions is granted in part and denied in part.

The parties timely objected to Judge Lehrburger's recommended resolutions of Bird's motion to bar expert testimony, Bird's motion for summary judgment, and Walker's motion for summary judgment.  Where the parties have raised clear, specific objections that do not merely reiterate positions raised before Judge Lehrburger, the Court reviews those objections de novo.  Where objections are conclusory or repetitive, the Court reviews them for clear error. The Court will address the contested motions in turn.

A.      Motion to Bar Expert Testimony

The Court finds no error in Judge Lehrburger's articulation of the legal standards governing admissibility of expert testimony under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and adopts that articulation in full. After reviewing de novo the portion of the Report pertaining to Bird's motion to bar expert testimony, this Court agrees that the expert report prepared by Richard Cayo (docket entry no. 232-8 ("Cayo Opinion")) should be excluded in its entirety and that the report prepared by

Steven Tasher (docket entry no. 232-7 ("Tasher Opinion")) should be excluded with the few limited exceptions Judge Lehrburger identified.

For the reasons set forth in Judge Lehrburger's thoughtful Report, the entirety of the Cayo Opinion is excluded.  Much of the Cayo Opinion pertains to issues that have no bearing on this case, such as the Defendant Attorneys' compliance with ethical duties.  The Cayo Opinion also reached conclusions based on a methodology and analytical framework untethered from relevant Wisconsin case law, particularly in using a "multiplier" of "normal hourly charges" to calculate a reasonable contingency fee.  (See Report at 57.)  As Judge Lehrburger correctly noted, the most glaring deficiency in the Cayo Opinion was that it was "conclusory and underdeveloped with no analysis."  (Id. at 56.)  Judge Lehrburger properly concluded that the Cayo Opinion—which opined on irrelevant issues, applied unreliable or unsupported methodologies, and was presented in a conclusory, ipse dixit fashion—was "fatally conclusory and unreliable and would not aid the factfinder."  (Id. at 57.)

Plaintiff's objections do not persuade the Court otherwise.  At various points, Plaintiff attempts to establish the relevance of certain aspects of the Cayo Opinion by proffering his own conclusions, even though Cayo never addressed the underlying issues in such terms.  For instance, Abdou argues that Cayo's opinions on the Defendant Attorneys' compliance with ethical standards are "relevant to the experience / ability factor" in Wisconsin Supreme Court Rule ("SCR") 20:1.5(a) (Abdou Objs. at 13), but the Cayo Opinion itself contains no such analysis or conclusion.  Plaintiff similarly attempts to close analytical gaps in the conclusory, ipse dixit portions of the Cayo Opinion by substituting his own analysis for Cayo's.  Plaintiff's arguments are unavailing because the admissibility of an expert opinion under Rule 702 turns on the strength and reliability of the expert's—and not a party's—methodology, analysis, and

ABDOU – R&R OBJS.                    MARCH 9, 2026                                    4

conclusions.  Far from convincing the Court to admit the Cayo Opinion, Plaintiff's numerous attempts to substitute conclusions and remediate analyses simply demonstrate how little the Cayo Opinion, standing alone, would aid a factfinder.  The Court thus fully adopts the Report's reasoning and conclusion that the Cayo Opinion "would not be of help to the factfinder and [would] pose an undue risk of prejudice if admitted."  (Report at 56.)

The Court similarly adopts Judge Lehrburger's reasoning with respect to the excluded portions of the Tasher Opinion.  The Tasher Opinion comprises three parts: Tasher's First Opinion (Tasher Opinion ¶¶ 53-84 ("Tasher's First Opinion")), Tasher's Second Opinion (id. ¶¶ 85-136; ("Tasher's Second Opinion")), and Tasher's Third Opinion (id. ¶¶ 137-49 ("Tasher's Third Opinion")).  In Tasher's First Opinion, he discloses that he was "asked for [his] opinion as to whether Defendants' failure to keep accurate and contemporaneous time records" was "reasonable and consistent with the standard of care owed by an attorney to his or her client" (Tasher Opinion ¶ 54), and all of his conclusions were to the effect Defendants' failure was inconsistent with that standard of care (e.g., id. ¶¶ 60, 62, 64, 70, 75-76, 83).  Judge Lehrburger correctly found that Tasher failed to connect his analysis to the reasonableness of Defendant Attorneys' fees, so the entirety of Tasher's First Opinion was "irrelevant to the current issues in dispute and should be excluded as unduly prejudicial, confusing, and unhelpful to the factfinder." (Report at 58.)  Tasher's Second Opinion concerned the reasonableness of the Defendant Attorneys' fee, but Tasher evaluated that issue using an inapplicable legal standard from the wrong jurisdiction.  (Id. at 58-59.)  This error rendered Tasher's methodology unreliable and his analysis inadequate to support his conclusions.  See Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002).  Tasher's Third Opinion endeavored to calculate a reasonable attorney's fee.  However, his analysis was unreliable and did not "'fit' the governing legal

framework or the facts of the case." (Report at 61.)  This is so because Tasher applied the wrong legal standard, and he provided no relevant Wisconsin law to justify his methodology of using a three-times "multiplier" of Defendants' hourly fees, all of which rendered his conclusions conclusory and unhelpful to a factfinder.  (Id. at 61-62.)

Abdou's objections do not persuade the Court that Judge Lehrburger's recommended exclusions are erroneous.  As with the Cayo Opinion, Plaintiff's objections repeatedly attempt to remediate Tasher's conclusions by supplying analyses that Tasher never performed and methodologies and legal frameworks that Tasher never utilized.  And at various points, Plaintiff's own "do-over" analysis misconstrues and misapplies relevant Wisconsin law.[2] Because Plaintiff's objections are unmeritorious, they are overruled, and Judge Lehrburger's recommendations as to exclusion of the Tasher Opinion are adopted in full.

Defendants' objections do not convince the Court that Judge Lehrburger erred by recommending admission of limited portions of Tasher's Second Opinion.  Walker's Objection that "difficulty of the case is not a Maynard Steel factor" (Walker Objs. at 17) derives from a misunderstanding of relevant Wisconsin law, which instructs courts to consider all relevant SCR 20:1.5(a) factors, not just those discussed in Maynard Steel.  Her argument that Tasher lacks "insight or experience with regard to these issues" (id.), moreover, is belied by Tasher's extensive documentation of his relevant qualifications and experience (e.g., Tasher Opinion ¶ 19

---

[2]     For example, Plaintiff attempts to remediate Tasher's Third Opinion's use of a three-times "multiplier" by arguing that Wisconsin courts use lodestar calculations to determine a reasonable attorneys' fee.  (Abdou Objs. at 22-23 (citing Maynard Steel Casting Co. v. Sheedy, 746 N.W.2d 816, 822 n.7 (Wis. App. Ct. 2008); Kolupar v. Wilde Pontiac Cadillac, Inc., 683 N.W.2d 58, 67 (Wis. 2004)).)  Even if Plaintiff were permitted to supply an analytical framework that the Tasher Opinion did not provide, none of Plaintiff's cited cases endorsed or even mentioned using a "multiplier" as part of lodestar calculations.

(explaining that Tasher has "reviewed billions of dollars in legal invoices")).  Bird's objections fare no better.  He argues that the admitted portions of Tasher's Second Opinion spoke to "legal issues for the court to decide" rather than "factual issues" (Bird Objs. at 12), but none of the admitted portions of the Tasher Opinion pertained to questions of law.

In sum, the Court finds no error with respect to the Report's treatment of Bird's motion to bar expert testimony.  The Court adopts that aspect of the Report in full and grants in part and denies in part the motion pursuant to Judge Lehrburger's recommendations.

B.      Defendants' Motions for Summary Judgment

The Report recommends the denial of all Defendants' motions for summary judgment.  No party raised a non-conclusory objection to Judge Lehrburger's thorough explanation of the principles of Wisconsin law governing the reasonableness of attorneys' fees nor to his articulation of the legal standard for summary judgment.  (See Report at 34-50, 63-64.)[3]  Finding no clear error in those aspects of the Report, the Court adopts them in full.

The Court has carefully reviewed Judge Lehrburger's thorough exposition of the relevant standard under Wisconsin law, a standard which requires an analysis of "all the circumstances of the case to determine whether the contingency fee amount is a just and reasonable figure." Maynard Steel, 746 N.W.2d at 821 (quoting Meyer v. Mich. Mut. Ins. Co., 609 N.W.2d 167, 170 (Wis. App. Ct. 2000).)  After evaluating the parties' evidence and

---

[3]      Walker claims at the outset of her second Objection that "the Report wrongly interpreted Wisconsin legal precedent in reaching its recommendation of denial of the motion for summary judgment." (Walker Objs. at 6.)  Walker failed to support this statement with any analysis or explanation, however, and all of her ensuing arguments take issue not with how the Report interpreted relevant law, but with how it applied that law to the instant case.  This Objection is therefore conclusory and entitled only to clear-error review to the extent it purports to be based on erroneous interpretation of the governing law. Pearson-Fraser, 2003 WL 43367, at *1.

arguments regarding nine factors articulated in SCR 20:1.5(a) and cases interpreting that Rule, Judge Lehrburger concluded that genuinely disputed issues of material fact prevented summary judgment. (Report at 82.) This Court agrees. Drawing all reasonable inferences in Plaintiff's favor, the Court finds that a rational factfinder could credit the evidence Plaintiff provided on numerous triable issues of fact and could conclude, based on all relevant circumstances in this case, that Defendant Attorneys' fee was unreasonable. The Court therefore agrees with the Report's conclusion that Defendants failed to meet their burden of showing an absence of disputed material facts, and they thus failed to show that they are entitled to summary judgment as a matter of law.

The parties' objections do not persuade the Court otherwise. As an initial matter, two of Walker's objections—that a forty-percent contingency fee is reasonable as a matter of law and that Plaintiff's action must be dismissed based on an accord and satisfaction—simply reiterate arguments Walker previously raised before Judge Lehrburger. (See docket entry no. 212, at 16-19.) The Court therefore reviews the Report's treatment of those arguments strictly for clear error and finds none, and those objections are accordingly overruled. See Pearson-Fraser, 2003 WL 43367, at *1. The Court also finds no merit in Walker's objection that the Report "overlook[ed] the public policy implications of allowing a party to contest a valid contingency agreement in hindsight." (Walker Objs. at 15.) Walker never raised that argument when moving for summary judgment, so it does not constitute a proper basis for objection, and the Court will not consider it here. See Jackson v. Brandt, No. 10-CV-05858-PAC, 2012 WL 2512015, at *6 (S.D.N.Y. June 29, 2012) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." (internal quotation omitted)).

Walker's remaining objection and all of Bird's objections fail for the same reason, which is that they derive from a mistaken premise. Both Defendants assume that courts may only consider the three <u>Maynard Steel</u> factors when assessing the reasonableness of an attorney's fee. (<u>See</u> Bird Objs. at 5; Walker Objs. at 7.) As explained above, however, <u>Maynard Steel</u> did not limit the scope of the reasonableness analysis in this manner. Rather, it urged courts to consider "all the circumstances of the case," <u>Maynard Steel</u>, 746 N.W.2d at 821 (quoting <u>Meyer</u>, 609 N.W.2d at 170), which is exactly what Judge Lehrburger did (<u>e.g.</u>, Report at 50 n.206). Accordingly, Bird's objections—which seek to fault Judge Lehrburger for considering all the circumstances of the case instead of just the three <u>Maynard Steel</u> factors—must all be overruled. Walker's final objection similarly must be overruled. Even if Walker were correct that Judge Lehrburger erroneously evaluated the three <u>Maynard Steel</u> factors (which he did not), that would not justify the grant of summary judgment here because Judge Lehrburger found genuine factual disputes as to five other relevant factors beyond those applied in <u>Maynard Steel</u>.[4] Drawing all reasonable inferences in Plaintiff's favor, a reasonable jury could find the fee unreasonable based on those five factors, and summary judgment would therefore be unwarranted.

In sum, the Court finds no error in Judge Lehrburger's treatment of the motions for summary judgment. Bird and Walker's objections are overruled, and the Report's analysis and recommendations are adopted in full. Because there are genuine disputes of material fact that preclude judgment as a matter of law, the parties' motions for summary judgment are denied.

---

[4]     (<u>See</u> Report at 76-77 (time and labor expended), 77 (likelihood to preclude other employment), 80 (nature and length of professional relationship), 80-81 (reputation of the attorneys), 81 (repeated renegotiation of the fee terms).)

III.    CONCLUSION

For the foregoing reasons, the Court adopts the Report in full and overrules the parties' objections.  Accordingly, (1) Abdou's motion to strike Bird's amended statement of material facts is denied; (2) Bird's motion to bar expert testimony is granted in part and denied in part as set forth in the Report, and its motion to strike Abdou's jury demand is granted; (3) Defendants' motions for summary judgment are denied; (4) Bird's motion for sanctions against Abdou is denied; and (5) Abdou's request for expenses and sanctions is granted in part and denied in part as set forth in the Report.  This Order resolves docket entry nos. 179, 203, 214, 243, 254, 262, and 263.

This case remains referred to Judge Lehrburger for settlement purposes.  Within fourteen days of the issuance of this Order, the parties are directed to contact Judge Lehrburger's Chambers to schedule a settlement conference.  A final pretrial conference is hereby scheduled in this matter on **July 24, 2026** at **2:30 pm**.  The parties must confer and make submissions in advance of the conference in accordance with the Pretrial Scheduling Order filed contemporaneously herewith.  By **June 5, 2026**, the parties must submit a joint report addressing the status of settlement discussions, whether the parties intend to go to trial and, if so, an estimate of the amount of time they will seek for trial.  The parties are reminded that they may, if all parties concur, consent to the transfer of this case to the docket of Judge Lehrburger (or, if they have engaged in settlement discussions with Judge Lehrburger and they so request, another

Magistrate Judge designated by the Court at random) for all purposes.  Should the parties so

consent, a fully executed consent form must be filed on the docket.


       SO ORDERED.

Dated: New York, New York
       March 9, 2026


                       /s/ Laura Taylor Swain
                       LAURA TAYLOR SWAIN
                       Chief United States District Judge